UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TRADITIONS OF IOWA, LLC, an Iowa limited liability company; PISSARO HOLDINGS, LLC, a Minnesota limited liability company; and TRADITIONS OF PRESTON, LLC, a Minnesota limited liability company, | Case No. 13-CV-0109 (PJS/JJG) |
| Plaintiffs, | |
| v. | ORDER |
| COMMERCE FINANCIAL GROUP, INC., a Minnesota corporation; COMMERCE BANK, a Minnesota corporation; JAMES E. SENSKE, individually and as President of Commerce Financial Group, Inc. and/or Commerce Bank; and BRIAN C. MALLAK, individually and as Senior Vice-President of Commerce Financial Group, Inc. and/or Commerce Bank, | |
| Defendants. | |

Robert M. Gardner, GARDNER LAW OFFICE, for plaintiffs.

Carol R.M. Moss and David G. Hellmuth, HELLMUTH & JOHNSON, PLLC, for defendant Commerce Financial Group, Inc.

Louise A. Behrendt, STICH, ANGELL, KREIDLER, DODGE & UNKE, P.A.; Stanley R. Parker and Lisa M. Brown, PARKER & HAY, LLP, for defendants Commerce Bank, James E. Senske, and Brian Mallak.[1]

Plaintiffs Pissaro Holdings, LLC and Traditions of Preston, LLC are limited-liability companies that allegedly have banking relationships with defendants. Plaintiffs allege that

---

[1] The complaint variously names "Brian C. Mallak" and "Brian E. Mallak" as a defendant, whereas defendants' motion papers identify this defendant both as "Brian O. Mallak" and "Brian C. Mallak." In view of the Court's disposition of this matter, it need not determine the correct name.

defendants have taken on the role of fiduciaries with respect to plaintiffs and have breached their fiduciary duties by engaging in self-dealing and failing to act in plaintiffs' interests. Compl. ¶ 14. Plaintiffs purport to bring a claim under Chapter 16 of Title 12 of the United States Code, 12 U.S.C. § 1811 et seq., which they entitle "Federal Deposit Insurance Corporation." Compl. ¶¶ 18-21. On the basis of this claim, plaintiffs allege that the Court has federal-question jurisdiction and seek to invoke the Court's supplemental jurisdiction over several state-law claims. Compl. ¶ 8.

Defendants moved to dismiss for lack of subject-matter jurisdiction. ECF Nos. 6, 12. Plaintiffs did not respond to defendants' motions. Instead, well after the time for responding to the motions had expired, *see* D. Minn. L.R. 7.1(c)(2), plaintiffs filed an amended complaint purporting to drop their "Federal Deposit Insurance Corporation" claim and to add a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ECF No. 19. (The amended complaint also adds another plaintiff, Traditions of Iowa, LLC.) Again, plaintiffs allege federal-question and supplemental jurisdiction. ECF No. 19 ¶ 9.

Plaintiffs are well past the time in which they could have filed an amended complaint as a matter of right. Defendants served their motions to dismiss and accompanying memoranda on February 6, 2013. ECF Nos. 6, 8, 12, 14. Under Fed. R. Civ. P. 15(a)(1)(B), a party may amend its pleading once as a matter of course within 21 days after service of a motion under Fed. R. Civ. P. 12(b). But plaintiffs did not file the amended complaint until April 12, over two months after being served with the motions to dismiss. ECF No. 19. The amended complaint is therefore not properly before the Court. Nor will the Court construe the amended complaint as a motion to amend; plaintiffs do not even purport to seek leave to amend and did not follow the

local rules with respect to such motions. *See* D. Minn. L.R. 15.1(b); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").

That leaves the original complaint as the operative pleading. As noted, the only jurisdictional basis alleged in the complaint is federal-question jurisdiction, and that jurisdiction, in turn, is premised on plaintiffs' "Federal Deposit Insurance Corporation" claim under Chapter 16 of Title 12. As also noted, plaintiffs did not respond to defendants' motions to dismiss, which argue persuasively that there is no private right of action under Chapter 16 of Title 12. Plaintiffs have therefore conceded that they have no private right of action under that chapter and that the operative complaint contains no viable federal claim. *Cf. Anthony v. Cattle Nat'l Bank & Trust Co.*, 684 F.3d 738, 739 (8th Cir. 2012) (per curiam) (holding that there is no private right of action under 12 U.S.C. § 1831n, which is part of Chapter 16). Because plaintiffs do not allege any other jurisdictional basis for this action — and because the Court cannot identify any such basis (particularly as there does not appear to be complete diversity of citizenship between plaintiffs and defendants) — the Court grants defendants' motions to dismiss for lack of subject-matter jurisdiction.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' amended complaint [ECF No. 19] is STRICKEN for failing to comply with the applicable Federal Rules of Civil Procedure and local rules of this District.

2. The motion of defendants Commerce Bank, Brian Mallak, and James E. Senske to dismiss [ECF No. 6] is GRANTED.

3. The motion of defendant Commerce Financial Group, Inc. to dismiss [ECF No. 12] is GRANTED.

4. Plaintiffs' complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

5. The hearing on defendants' motions, currently scheduled for April 22, 2013, is CANCELED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 15, 2013  　　　　　　　　　　　　s/Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　　　　　　Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge